FILED
SUPERIOR COURT
OF GUAM

2019 OCT 22 PM 5: 28

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

        PLAINTIFF

        vs.

FRANKLIN JAY SANTOS,
DOB:01/09/1987,

        DEFENDANT.

CRIMINAL CASE NO: CF0207-19

**DECISION AND ORDER RE: DEFENDANT'S SECOND MOTION TO MODIFY CONDITIONS OF RELEASE**

## Introduction

This matter came before the Honorable Maria T. Cenzon on October 8, 2019 for a Motion Hearing on Defendant Franklin Jay Santos' ("Defendant") Second Motion to Modify Conditions of Release. Defendant was represented by William Brennan of Arriola Law Firm. Chuck Kinnunen was present for the People. The People did not file an opposition, though they did raise a partial objection to the Motion at the hearing. This Court GRANTED the Motion with respect to one minor child of Defendant, and took the remainder of the Motion under advisement. The Court now issues this DECISION and ORDER **GRANTING** the Motion in full.

## Background

Defendant was charged with one count of SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony). Indictment (Apr. 4, 2019). On April 24, 2019, the Magistrate Judge ordered Defendant to be released, with specific conditions. Order of

Conditional Release and Appearance Bond (Apr. 24, 2019). Relevant to this Motion, the Magistrate Judge ordered through the following language:

> "Defendant is ordered to stay away from, and have no contact with the victim(s), either in person, through a third party by telephone or letter, email, text or any electronic devices, including any specified witness as follows: SC (DOB 05/22/2002) any minors."

*Id.* Defendant alleges that the way the provision is worded, it has restricted him from being able to see his two minor children, neither of whom are the specific victim in this case. Memorandum of Points and Auth. in Supp. of Second Mot. to Modify Conditions of Release ("Second Mot.") (Sep. 11, 2019). Defendant claims he has not been able to have contact with his two minor children since April of 2019. *Id.* at 2.

Defendant originally filed a Motion on this issue, claiming error by the Magistrate Court in issuing the conditions of release. Memorandum of Points and Auth. in Supp. of Mot. to Modify Conditions of Release (Jul. 8, 2019). This Court denied that Motion, ruling there was no error in the conditions imposed and that the conditions were clear on its face. Decision & Order (Sep. 3, 2019). In its decision and order, the Court encouraged the Defendant to file a second Motion on the same issue, challenging the substantive nature of the conditions and asking the Court to modify under 8 GCA 40.75. *Id.* at 3.

Defendant filed such a Motion, asking the Court to modify his release conditions. Second Mot. at 1. Specifically, Defendant asked the Court to modify the conditions to allow him to see his two minor children, either through supervised visitation or other means the Court deems fit. *Id.* at 4. Defendant has not violated his conditions of release since April 2019. *Id.*

At the Motion hearing, the People did not have objection to the Motion regarding Defendant's minor son, J.F.J.S. Minute Entry (Oct. 8, 2019). However, the People raised an objection to Defendant's minor daughter, D.F.J.S., based on an open civil matter involving Defendant. *Id.* In CV0296-19, Judge Perez issued an injunction which read in part:

"Defendant is enjoined and restrained from threatening, abusing, molesting, harassing, stalking or disturbing the peace of Plaintiff and the minor child in Plaintiff's care, D.F.J.S. (DOB: 5-20-2007).

Decl. in Supp. of Second Mot., Ex. A (Oct. 10, 2019). Plaintiff in that matter is the mother of Defendant's minor daughter, D.F.J.S. The injunction is set to last until April 9, 2022, until otherwise modified. *Id.*

Defendant argues that while this injunction exists, it does not explicitly prohibit Defendant from seeing his minor daughter. Thus, Defendant still asked for the language of the Magistrate's Order to be amended in order to allow him to see his daughter.

After hearing all relevant arguments and reviewing all filings, the Court took the matter under advisement.

## Discussion

Guam law provides that "when after a noticed hearing, the court finds that … a change in circumstances or new evidence shows a need for the imposition of different or additional conditions upon the person's release, the court may order the imposition of such conditions as are reasonably necessary to assure the person's appearance as required." 8 GCA 40.75(a). While traditionally this involves the imposition of more conditions, there is room for the Court to modify an onerous condition if it sees fit. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. "The fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Under Subsection (a) of 8 GCA 40.75, the Court is granted rather broad authority to modify its prior release order. *See* 8 GCA 40.75 note.

Defendant here asks the Court to modify the Magistrate conditions of release in order to allow him to see his two minor children. Defendant has complied with his release conditions to this date, and neither of his minor children were the Victim in this matter. Further, there is no

history of family violence or abuse regarding Defendant and his two children. Defendant has been charged with a Criminal Sexual Conduct crime, and the Magistrate Judge had the authority to impose stringent conditions. However, modifying the conditions to allow Defendant to see his minor children would likely not pose a risk to any member of the community, nor would it likely affect the assurance of Defendant's presence in Court.

At the Motion hearing, the Court GRANTED the Motion regarding the minor son, J.F.J.S. At issue for this Court is the Motion regarding Defendant's daughter, D.F.J.S. The Court will respect the injunction issued in CV0296-19 regarding Defendant and D.F.J.S. However, the Court agrees with Defendant that the injunction does not explicitly ban all contact between Defendant and D.F.J.S. It does not require Defendant to remain a certain distance away from D.F.J.S. at all times. Thus, this Court, believing that the modification of the Magistrate's conditions will not put any members of the community at risk, nor affect Defendant's appearance in Court, hereby GRANTS the Motion in full. The Court however ORDERS that any visitation between Defendant and D.F.J.S. be in compliance with the injunction issued in CV0296-19.

## Conclusion

Based on the reasons provided above, the Court hereby **GRANTS** Defendant's Motion. The Magistrate's conditions of release will now provide Defendant the ability to have contact with only his two minor children. Defendant is still ordered to stay away from any and all other minor children other than his two children, pursuant to the Magistrate conditions of release.

SO ORDERED this **OCT 2 2 2019** _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE OF COURT BOX.
I acknowledge that a copy of the original hereto was placed in the court box of
2) W · BRENNAN

Date: OCT 2 2 2019 Time: 5:30
Deputy Clerk Superior Court of Guam

*People v. Santos*; CF0207-19
D&O re: Defendant's Second Motion to Modify Conditions of Release
Page 4 of 4